CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RHo

JUL 02 2013

JULIA C. DUDLEY, CLERK
BY: HMuDonoO
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TIMOTHY WAYNE WRIGHT, | ) | Civil Action No. 7:13-cv-00105 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| WARDEN PONTON, | ) | By:   Hon. Jackson L. Kiser |
| Respondent. | ) | Senior United States District Judge |

Timothy Wayne Wright, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, to challenge his convictions entered by the Circuit Court of Amherst County. Respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, I grant respondent's motion to dismiss because petitioner's claims are procedurally defaulted.

I.

The Circuit Court of Amherst County sentenced petitioner on December 10, 2008, to, inter alia, sixty-three years' incarceration for discharging a firearm from a vehicle, shooting into an occupied vehicle, first-degree murder, and using a firearm in the commission of a murder. Trial Counsel was permitted to withdraw from representing petitioner, and the Circuit Court appointed another attorney ("First Appellate Counsel") to pursue an appeal with the Court of Appeals of Virginia.

The Court of Appeals of Virginia denied the subsequent appeal, holding that First Appellate Counsel's argument challenging the sufficiency of the evidence had not been preserved for appeal by Trial Counsel and that, regardless, First Appellate Counsel's arguments challenging witnesses' credibility would not merit relief. First Appellate Counsel filed an appeal

to the Supreme Court of Virginia, arguing, <u>inter alia</u>, several ineffective assistance of Trial Counsel claims, but the Supreme Court of Virginia dismissed the appeal as not properly perfected, pursuant to Supreme Court of Virginia Rule 5:17(c), because the petition for appeal "fail[ed] to assign error" to the Circuit Court's ruling. <u>Wright v. Commonwealth</u>, No. 091863, slip op. at 1 (Va. Nov. 13, 2009).

As a result of this dismissed appeal, the Circuit Court of Amherst County granted petitioner's first <u>pro se</u> state habeas petition for the claim that he had been wrongfully denied his right to appeal to the Supreme Court of Virginia.[1]  Based on the Circuit Court's finding, the Supreme Court of Virginia permitted petitioner to file a delayed appeal with newly-retained counsel ("Second Appellate Counsel").  However, the Supreme Court of Virginia dismissed the subsequent appeal because Second Appellate Counsel failed to "comply with the requirements of Rule 5:17(c)(1)(iii)" to "list the specific error(s) in the lower court proceedings upon which appellant intend[ed] to rely." <u>Wright v. Commonwealth</u>, No. 110191, slip op. at 1 (Va. May 16, 2011).

Petitioner, still proceeding with Second Appellate Counsel, filed a second state habeas petition with the Circuit Court of Amherst County, arguing that First Appellate Counsel's representation to the Court of Appeals of Virginia was inadequate because the Court of Appeals would have vacated the convictions if First Appellate Counsel had argued different issues. The Circuit Court of Amherst County dismissed the second habeas petition as successive, pursuant to

---

[1] Notably, the Circuit Court of Amherst County also dismissed all other claims, including claims of ineffective assistance of Trial Counsel, with prejudice as procedurally barred or meritless. Petitioner did not appeal the Circuit Court's ruling to the Supreme Court of Virginia.

2

Virginia Code § 8.01-654(B)(2), because the facts underlying the claims were available to petitioner before he filed the first state habeas petition.

Petitioner, still proceeding with Second Appellate Counsel, appealed to the Supreme Court of Virginia, arguing 1) the Circuit Court erred by finding the second state habeas petition procedurally barred as successive, and 2) First Appellate Counsel rendered ineffective assistance of counsel. The Supreme Court of Virginia refused to consider the first claim and dismissed the second claim for not complying with Rule 5:17(c)(1)(iii) because petitioner did not address the Circuit Court's ruling.

Petitioner now argues seven main claims in the instant federal petition, which respondent asks me to dismiss as procedurally defaulted.

1. The Circuit Court of Amherst County violated petitioner's due process and equal protection rights when it:

    a. Admitted "prejudicial evidence of [petitioner's] alleged propensity for violence," namely (i) statements suggesting petitioner committed war crimes in Iraq, (ii) video and photographs of petitioner's assault on a fellow inmate, (iii) evidence of weapons recovered in petitioner's truck, and (iv) evidence regarding petitioner's Myspace page;

    b. Provided the jury with "a flight instruction which is prohibited by the Virginia Supreme Court";

    c. "[A]dmitt[ed] video evidence without a proper foundation or chain of custody";

    d. Refused to permit the defense to cross-examine a state police investigator "regarding whether there had been a cover-up or ignoring of the evidence in the petitioner's case by the police who were involved";

    e. Overruled "the defense's objection to the question posed by the prosecution to its witness, Austin Whitten, and his answer as being prejudiced and unrelated to either the case or the prosecution's necessity to prove the petitioner's charges; and

  f. Sustained "the Commonwealth's objection to the defense's proffering Defendant's Exhibit A for the purpose of defending against the Commonwealth's proffering of the petitioner's Myspace page."

2. The Commonwealth "violated the essence of the <u>Brady</u> rule" and petitioner's due process and equal protection rights when it:

  a. Presented testimony it knew to be perjured from witnesses "J. Finney, B. Stanley, E. Turner, J. Davis, Emily Turpin, Shane Bailey and D. Doss";

  b. Presented evidence of petitioner's prior bad acts; and

  c. Failed to investigate the case and "instead determined . . . their theory of the petitioner[] being guilty of a crime that he did not co[m]mit[]."

3. "[L]aw enforcement agencies involved in and with the petitioner's case, committed multiple errors in violation of petitioner's right to [d]ue [p]rocess and [e]qual [p]rotection," when they:

  a. Obtained a warrant for his arrest with testimony they "knew to be false"; and

  b. "[N]ever once mentioned or admitted to the fact that trajectory or trace evidence had been completed on the victim's vehical [sic] which would have been critical to the case of the petitioner in determining the actual height of the vehical [sic] which was used in the commission of the crime, thereby potentially providing exculpatory evidence of the petitioner's innocence."

4. The evidence presented at trial was insufficient to establish petitioner's guilt.

5. Petitioner was denied the effective assistance of First Appellate Counsel because counsel:

  a. "[D]id not adequately represent [petitioner] as required by the Sixth and Fourteenth Amendments"; and

  b. [F]ailed to present a "constitutionally adequate appeal," which "would have [had] a reasonable probability of a reversal of [petitioner's] conviction."

6. Petitioner was denied the effective assistance of Trial Counsel because Trial Counsel "committ[ed] errors that were both deficient and prejudicial to the petitioner" and further violated his due process and equal protection rights, namely by:

  a. Failing to move for a change of venue premised upon the publicity around petitioner's case;

b. Failing to "move or bring a motion for a judgment of acquit[t]al at the time the prosecution rested its case";

c. Stipulating without petitioner's consent that the gun used in the murder belonged to petitioner;

d. Failing to "make an adequate examination of the evidence received through discovery," and if he had, he would have been able to "impeach the testimony of several officers" with respect to whether a trajectory analysis had been performed;

e. Failing to "adequately examine, investigate and prepare for the introduction of technical and technologically advanced evidence in the form of cell phone records";

f. Failing to "adequately examine, investigate and prepare for the introduction of technical and technologically advanced evidence in the form of cell phone records";

g. Failing "to object for the record [to] the perjured statements and testimony of co-defendant Justin Davis, prosecution informants, [and] James Finney, B. Stanley, B. Turner . . . , E. Nicole Turpin, Shane Bailey, and Inv. D. Doss";

h. Admitting his failure to remember case law concerning "opening the door for [the] prosecution to explore prior bad acts";

i. Failing "to object to prosecution's proffering of the petitioner's prior bad acts to show guilt of the crime with which he was charged when those prior bad acts were not suggestive of or relative to the petitioner's charges or crimes";

j. Failing to notify petitioner that his request for representation by a member of the United States Marine Corps Judge Advocate General Corps "was returned to the state";

k. Failing to object to the court's "proffering of a first-degree murder jury instruction when the Commonwealth clearly failed to show beyond a reasonable doubt all aspects of first[-]degree murder";

l. Failing to object to the Commonwealth's "proffering of the petitioner's Myspace page" on grounds of authenticity;

m. Failing "to object to the Commonwealth's using Exhibit 61 to allow three of the prosecution's witnesses to identify the petitioner with that one suggestive picture

      and not a line up or pack of pictures for an unbiased identification";

   n. Failing to properly subpoena Assistant Commonwealth's Attorney Stephanie S. Maddox, which prevented petitioner from questioning her "and obtaining critical evidence that would potentially exculpate him after she withdrew . . . from the case"; and

   o. Failing to move to suppress "evidence and/or testimony" which prejudiced petitioner because it inflamed the jury.

7. The ends of justice exception, as set forth in Rule 5:17 of the Rules of the Supreme Court of Virginia, should operate to "dictate that this petition be treated as though it were [petitioner's] initial direct appeal." Petitioner further claims, again, that he was denied the effective assistance of counsel during his initial appeal to the Court of Appeals of Virginia by First Appellate Counsel's reliance on the weakest of all available appellate issues.

Notably, petitioner does not allege an ineffective assistance of counsel claim against Second Appellate Counsel, who failed to perfect the delayed appeal to the Supreme Court of Virginia, filed the successive state habeas petition, and filed the appeal of the successive state habeas petition.

## II.

Petitioner argues in claim 7 that I should broadly interpret Supreme Court of Virginia Rule 5:17 to allow him to refile his claims to Virginia's appellate courts. A federal court may grant habeas relief from a state court judgment "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, federal habeas relief is not available to correct interpretations of state law, like Rule 5:17, that do not implicate any federal right. Hailey v. Dorsey, 580 F.2d 112, 115 (4th Cir. 1978) ("Matters of state law not involving federal constitutional issues are not

6

appropriate grounds for federal habeas corpus relief."). Thus, I decline to consider the merits of claim 7 based on an interpretation of Virginia law.

### III.
### A.

A federal court "may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). See 28 U.S.C. § 2254(b) (mandating exhaustion). The purpose of exhaustion is to give "state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 846 (1999). The exhaustion requirement is satisfied by finding that the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993) (citing Picard v. Connor, 404 U.S. 270, 275-76 (1971)). Therefore, petitioner must present both the same argument and factual support to the state court prior to filing the claim with a federal court. Anderson v. Harless, 459 U.S. 4, 6-7 (1982).

Petitioner argued instant claims 1(a), 1(c)-(f), 2, 3, 4, and 6 in his first, pro se state habeas petition to the Circuit Court of Amherst County, but he did not appeal the dismissal of these claims to the Supreme Court of Virginia. Also, petitioner has not presented claims 1(b) and 7 to the Supreme Court of Virginia in any prior appeal. Consequently, petitioner failed to exhaust state court remedies for claims 1-4 and 6-7.

## B.

"A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). "[T]he exhaustion requirement for claims not fairly presented to the state's highest court is technically met when . . . a state procedural rule would bar consideration if the claim was later presented to the state court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) (citations omitted) (overturned on other grounds by Miller-El v. Dretke, 545 U.S. 231, 241 (2005)).

Unexhausted claims 1-4 and 6-7 are treated as technically exhausted because the state laws that govern successive habeas petitions and the time to appeal procedurally bar petitioner from returning to state court to present the claims to the Supreme Court of Virginia. See VA. CODE § 8.01-654(B)(2) ("No writ shall be granted on the basis of any allegation of facts of which petitioner had knowledge at the time of filing any previous petition."); id. § 8.01-671(A)(i) (setting a three-month limit to file a petition for appeal from a trial court to the Supreme Court of Virginia); id. § 8.01-675.3 (setting a thirty-day limit to note an appeal from a trial court to the Court of Appeals of Virginia for final criminal judgments). See, e.g., Whitley v. Bair, 802 F.2d 1487, 1500 (4th Cir. 1986) ("[F]ailure to appeal claims disposed of by a state habeas trial court constitutes a procedural bar to further federal review of such claims."). Consequently, claims 1-4 and 6-7 are treated as technically exhausted because of Virginia's procedural rules.

A petitioner also procedurally defaults a federal habeas claim when a state court declines to consider the claim's merits on the basis of an adequate and independent state procedural rule. Hedrick v. True, 443 F.3d 342, 359 (4th Cir. 2006). A state court's finding of procedural default is entitled to a presumption of correctness, provided two foundational requirements are met. 28 U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259-61 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. Ford v. Georgia, 498 U.S. 411, 423-24 (1991); Harris, 489 U.S. at 260. A state procedural rule is "independent" if it does not depend upon a federal constitutional ruling and "adequate" if it is firmly established and regularly or consistently applied by the state court. Yeatts v. Angelone, 166 F.3d 255, 263-64 (4th Cir. 1998).

Although petitioner presented claim 5 to the Supreme Court of Virginia via Second Appellate Counsel's appeal of his second state habeas petition, the underlying petition prepared by Second Appellate Counsel was dismissed as successive, pursuant to Virginia Code § 8.01-654(B)(2), and the specific claim was dismissed for petitioner's failure to comply with Supreme Court of Virginia Rule 5:17(c)(1)(iii). Virginia Code § 8.01-654(B)(2) and Rule 5:17(c) are clearly recognized independent and adequate state laws that procedurally bar petitioner from seeking federal habeas relief. See Gray, 518 U.S. at 162 (holding that a claim barred by Va. Code Ann. § 8.01-654(B)(2) was "not cognizable in a federal suit for the writ"); Clagett v. Angelone, 209 F.3d 370, 379 (4th Cir. 2000) (holding a claim was procedurally defaulted because it had been barred in state court by Virginia's rule against successive habeas petitions);

Mueller v. Angelone, 181 F.3d 557, 584 (4th Cir. 1999) (finding that the petitioner's procedural default pursuant to Supreme Court of Virginia Rule 5:17(c) was an independent and adequate state ground to foreclose review of the federal claim). Accordingly, petitioner has procedurally defaulted all of his federal habeas claims.

### C.

A federal court may not review a procedurally defaulted claim absent a showing of cause and prejudice or a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). The existence of cause ordinarily turns upon a showing of ineffective assistance of counsel, a factor external to the defense that impeded compliance with the state procedural rule, or the novelty of the claim. Id. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990). See Martinez v. Ryan, ___ U.S. ___, 132 S. Ct. 1309 (2012) (creating a limiting qualification to Coleman for "substantial" claims of ineffective assistance of trial counsel where the "cause" was either no counsel or the ineffective assistance of counsel during the initial state collateral proceeding). A petitioner's unfamiliarity with law or a court's procedural rules does not provide a basis for establishing cause. See, e.g., Harris v. McAdory, 334 F.3d 665, 668-69 (7th Cir. 2003) (finding that a petitioner's pro se status does not constitute adequate ground for cause). A "fundamental miscarriage of justice" occurs in the extraordinary case where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495 (1991).

Petitioner cannot establish that a fundamental miscarriage of justice exists because a review of the trial record reveals that petition killed the victim by shooting a firearm from his vehicle at the victim, who was driving another vehicle. Although given the opportunity,

petitioner, now proceeding pro se, does not address any cause and prejudice to excuse his procedural default. Petitioner does not allege any claim of ineffective assistance of counsel against Second Appellate Counsel, and it is not a district court's obligation to investigate and construct claims of cause and prejudice sua sponte on behalf of a pro se litigant. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff). See also Gray, 518 U.S. at 162 ("Because petitioner makes no attempt to demonstrate cause or prejudice for his default in state habeas proceedings, his claim is not cognizable in a federal suit for the writ."). Accordingly, petitioner fails to excuse his procedural default of claims 1-7, and the petition must be dismissed.

### IV.

For the foregoing reasons, I grant respondent's motion to dismiss and dismiss the petition for a writ of habeas corpus. Based upon my finding that petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for respondent.

ENTER: This 2nd day of July, 2013.

Senior United States District Judge